**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TERESA BROWN,**

       **Plaintiff,**

-vs-                 Case No. 6:08-cv-918-Orl-28GJK

**CHRISTOPHER M. RANIERI, P.A.,**
**CHRISTOPHER M. RANIERI,**

       **Defendants.**
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT** (Doc. No. 35) |
| **FILED:** | **June 22, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff and Defendants jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to enter a consent judgment (the "Consent Judgment") in favor of Plaintiff and against Defendants. Doc. No. 29-2, 29-3, 35.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id*. In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[2] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[3] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

To establish the reasonableness of the fees and costs to be paid, counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

---

[2] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[3] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 11, 29-3, 35. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*. The parties agreed to settle Plaintiff's claims and enter into a Consent Judgment in exchange for a release of all claims for a total sum of $9,046.48, of which Plaintiff will recover $2,678.00 for unpaid overtime wages and liquidated damages, and Plaintiff's counsel, K.E. Pantas, will recover $6,278.48 for attorneys' fees and costs. Doc. No. 29-3 at ¶ 2. On September 11, 2008, Plaintiff filed Answers to the Court's Interrogatories claiming $3,598.40, in total damages, including liquidated damages. Doc. No. 11-2. In the Motion, Plaintiff states that after reviewing Defendants' time and payroll records, she has recalculated her damages and is "satisfied that the amount set forth in the Consent Judgment represents full compensation for her overtime claim and liquidated damages." Doc. No. 35 at 6. The parties also state that they agreed to resolve all issues "in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation." *Id*.

Plaintiff's counsel, K.E. Pantas, filed a detailed affidavit and time sheet showing the precise final distribution of settlement funds, the total amount of time spent on the case, the individual who performed each task, the hourly rate for the individual performing each task, an explanation as to why the hourly rate for each individual is reasonable, and a detailed description of the total costs incurred on the case. Doc. Nos. 35-2, 35-3, 35-4. The time sheet shows that Mr. Pantas expended 15.40 hours of work on the case at a rate of $300.00 per hour; John Rankin, a paralegal with nine years of "extensive trial experience in both State and Federal Court" expended 6.10 hours of work on the case at a rate of $105.00 per hours; and three other paralegals expended 7.4 hours of work on the case at a rate of $95.00 per hour. Doc. Nos. 35-2,

5

35-3. The total attorneys' fees equal $5,963.50 and the total costs equal $1,143.48 for a grand total of $7,106.98 in attorneys' fees and costs, which is more than the total amount of attorneys' fees and costs allocated under the Agreement ($6,278.48). Doc. Nos. 29-3, 35-2, 35-3, 35-4.

After reviewing the time sheet, the undersigned recommends that the amount of time expended on the case was reasonable. In similar FLSA cases, the undersigned has previously determined that a reasonable hourly rate for Mr. Pantas is $300.00 per hour. *See Conklin v. G&H Pest Control, Inc., et. al.*, Case No. 6:08-cv-1486-35GJK, Doc. No. 21 (M.D. Fla. May 6, 2009); *Celaya v. Stickle*, Case No. 6:08-cv-1930-Orl-18GJK, Doc. No. 12 (M.D. Fla. April 28, 2009). Thus, the undersigned recommends that the Court find that the rate requested for Mr. Pantas is reasonable. Mr. Rankin's requested hourly rate, $105.00 per hour, has also previously been approved in the Orlando Division of the Middle District of Florida. *See Cusumano v. Maquipan International, Inc. et. al.*, Case No. 6:04-cv-787-Orl-31KRS, Doc. No. 106 (M.D. Fla. Jan 13, 2006). Thus, the undersigned recommends that the Court find that the rate requested for Mr. Rankin is reasonable. The rates requested for the other three paralegals are commensurate with paralegal rates in the Orlando market.

Accordingly, the undersigned recommends that the Court find the proposed Agreement and Consent Judgment in exchange for Plaintiff's release of all claims to be fair and reasonable.

Based on the forgoing, the undersigned **RECOMMENDS** that the Court:

1) **GRANT** the Motion (Doc. No. 35) only to the extent that the Court finds the parties' settlement is fair and reasonable;

2) Enter the Consent Judgment (Doc. No. 29-2) in favor of Plaintiff and against Defendants; and

3) Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on July 20, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties